## Duffy's Estate.

*Will—Devise—Coal—Royalties.*

Where the testator devises to his wife for life " the use of " his interest in coal with remainder to his nephew subject " to the life use " of his wife, and devises the residue of his estate to his wife, and appoints his nephew executor, and thereafter makes a contract for the removal of the coal on payment of royalty, the wife is entitled to receive the royalties directly, without having them pass through the hands of the executor as trustee.

Argued Jan. 15, 1901. Appeal, No. 45, Jan. T., 1901, by Winifred Duffy, from decree of O. C. Luzerne Co., discharging rule on executors to assign coal royalties, in the Estate of Lawrence Duffy. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule on executor to assign coal royalties.

From the record it appeared that on December 7, 1893, Lawrence A. Duffy made his will by which he directed, inter alia, as follows:

" Second. I give, devise and bequeath to my beloved wife Winifred, during her natural life, the use of all my interest (which interest is an undivided one-half) in the coal and other minerals underlying and contained in the following described land.

" Third. I devise and bequeath to my nephew, James L. Lenahan, of the City of Wilkes-Barre, Pa., all my estate and interest in the coal and other minerals in the land, heretofore described in paragraph two, absolutely, his heirs and assigns forever, subject, however, to the life use heretofore stated to my wife Winifred.

" Fourth. All the rest and residue of my estate, real, personal and mixed, I give, devise and bequeath to my said wife Winifred, her heirs and assigns forever.

" And lastly. I constitute and appoint the said James L. Lenahan, Executor, of this my last will, hereby revoking and making void all former wills."

On June 1, 1895, he entered into a contract for the removal

of the coal mentioned in his will upon payment to him of royalties.   Lawrence A. Duffy died on January 7, 1898.   The widow demanded of the executor that he should assign to her the interest in the royalties for the coal.   The executor refused to do so, and the widow then obtained this rule.

*Error assigned* was order discharging the rule.

*William R. Gibbons* and *William S. McLean*, for appellant. —As residuary legatee the proceeds of the sale of the coal is personal property and go to the widow of the testator: Skerrett v. Burd, 1 Wharton, 246; McTaggart v. Thompson, 14 Pa. 149; Balliet's Appeal, 14 Pa. 451; Pleasants's Appeal, 77 Pa. 356; Sanderson v. City of Scranton, 105 Pa. 469; Delaware, Lackawanna & Western R. R. Co. v. Sanderson, 109 Pa. 583; Lillibridge v. Lackawanna Coal Co., 143 Pa. 293; Lazarus's Estate, 145 Pa. 1; Plummer v. Hillside Coal & Iron Co., 160 Pa. 483; Asay v. Hoover, 5 Pa. 21; Quin's Est., 144 Pa. 461; Woelpper's Appeal, 126 Pa. 562; Bruckman's Estate, 195 Pa. 363; Duncan v. Duncan, 2 Yeates, 302; Brown v. Brown, 6 Watts, 354.

Nor is there any trust created by the provisions of the will, either by express language or by implication, making it the duty of the executor to receive and receipt for the royalties accruing under the paper of June 1, 1895, commonly called a coal lease: Rose v. Jessup, 19 Pa. 280; Leiper's App., 35 Pa. 420; Bender v. Luckenbach, 162 Pa. 18.

The appellant is entitled to the royalties in kind directly from the parties liable to pay the same, without having them pass through the executor's hands, subject to his commissions, counsel fees and court costs incurred in filing partial accounts from time to time: Reed's Est., 82 Pa. 428.

*Edward A. Lynch*, with him *John T. Lenahan*, for appellee.— The testator unquestionably in the present case intended the instrument for a lease: Skerrett v. Burd, 1 Wharton, 246; McTaggart v. Thompson, 14 Pa. 149; Balliet's App., 14 Pa. 451; Pleasants's App., 77 Pa. 356; Jones v. Strong, 5 Kulp, 7; Genet v. Delaware & Hudson Canal Co., 136 N. Y. 593; Woods v. Moore, 4 Sandford (N. Y.), 579.

It is a fundamental rule of law that a will must be construed

so that every clause may take effect, if that be possible. No part will be rejected as repugnant if any fair and reasonable construction can be given to the will which will render every part effective: Finney's App., 113 Pa. 18; Packer's Est., 17 Phila. 447; MacConnell v. Wright, 150 Pa. 284.

Under the third paragraph the devise of "all his estate and interest" subject to the "life use" is certainly comprehensive enough to vest the remainder in his nephew: Act of June 4, 1879, P. L. 88; Jones v. Strong, 142 Pa. 496; Eley's App., 103 Pa. 300; McClintock v. Dana, 106 Pa. 390; Ormsby v. Ottman, 85 Fed. Repr. 497; In re Watts, L. R. 29 Chan. Div. 947.

By the residuary clause in the last paragraph of the will the testator meant thereby whatever was not devised or bequeathed by him in the previous paragraphs. He used the "rest and residue" with reference to the Hazle street property, the household furniture and the money he had on hand: Willard's App., 68 Pa. 332; Tyson's Est., 191 Pa. 218; Weidman's App., 42 Legal Int. 338; Woelpper's App., 126 Pa. 572; Thompson v. Kaufman & Herb, 6 Dist. Repr. 522; Miller v. Springer, 70 Pa. 269.

Where the income is to be paid to one class of persons, and the remainder is secured to another class, there the trust is an active one: Solms v. Phila. Trust Co., 17 Phila. 353; Watson's Appeal, 125 Pa. 340; Livezey's Appeal, 106 Pa. 201; Wolfinger v. Fell, 195 Pa. 16.

OPINION BY WILLIAM W. PORTER, J., May 23, 1901:

The will of Lawrence A. Duffy provided, inter alia: "Second. I give, devise and bequeath to my beloved wife, Winifred, during her natural life, the use of my interest (which interest is an undivided one half) in the coal and other minerals underlying and contained in the following described land, situate," etc. By the third paragraph the testator provides: "I devise and bequeath to my nephew, James L. Lenahan, of the city of Wilkes-Barre Pa., all my estate and interest in the coal and other minerals in the land heretofore described in paragraph 2, absolutely, his heirs and assigns forever; subject, however, to the life use heretofore stated to my wife, Winifred." The fourth paragraph is a devise of the residue of the estate to the wife

and her heirs; and the final paragraph appoints James L. Lenahan executor. About two years before his death the testator made a contract for the removal of the coal from the land described in paragraph two, on payment of rent or royalty. The debts of the testator have all been paid. The payments of the coal royalty continue. The widow claims that they should be made directly to her. The executor claims that the moneys should pass to her through his hands as trustee. The lower court has sustained the contention of the executor and has dismissed the petition for an order on the executor to assign to the widow his interest as executor. The testator before his death had, as we have seen, converted his interest in the coal, etc., in the land referred to in the second paragraph of his will, into a right to royalties, with provision that on failure in payment of the royalties, his interest in the coal, etc., shall revert. The second paragraph of the will gives to the wife the "use of his interest." In the third paragraph he speaks of it as her "life use." This was not a mere devise of realty for life, but the expression of an intent that there should result a benefit to his widow during her life; that there should be an usufruct for her enjoyment. The testator before he died took a step toward carrying this purpose into effect by making the contract under which the royalties became payable. He gave the widow the "use" of the interest and determined the character of the use in his lifetime. We can find in his act no evidence of intention to revoke the provision for his wife in the second paragraph of his will. It may be that the royalties are personal property and that the interest of the testator when he made his will was realty, but the intention to benefit the widow by giving her during life a beneficial use of, or an income derived from, his "interest" in the coal, etc., seems to us too apparent to require discussion. The mere technical change in the character of the property will not be permitted to defeat an intent so dominant and manifest, and to convert a provision for life into a gift absolute under the residuary clause of the will. If we construe the will as if executed immediately before the testator's death, the language is applicable to the state of his interest "in the coal and other minerals" as it then was, namely, a right to require payments of royalties, and on default to repossess the original interest. The term "interest" is sufficiently

exact to describe his relation to the subject-matter of the provision at the time of his death.

The wife then takes the royalties by virtue of the provision made for her in the second paragraph of the will. When she dies the royalties become payable to James L. Lenahan, under the third clause of the will. If there be forfeiture under the contract during the life of the wife, the interest " in the coal and other minerals " passes to her for life in the same manner as it would have done had no contract been made by the testator in his lifetime to make his interest productive.

That which the wife takes is but for life. The remainderman has an interest to see that she does no act to impair the property. Let it be conceded that there is a trust created. No trustee is nominated. The widow herself is her own trustee during her life, and if she can at any time be shown to have done or to intend any act injurious to the remainder interest, she may be required by the court to give security to protect such interest. Nowhere in the will is the executor appointed a trustee. There is no fund for him to conserve. There are no duties for him to perform in respect to the payments to be made to the widow. We think, therefore, that the learned judge of the court below erred to the extent of holding that the executor was a trustee. We are of opinion that no assignment by the executor to the widow, of any interest, is necessary, and that payments of the royalties may be made directly to the widow. We thus reach the same result as the court below in respect to the failure to show a right to the remedy here sought, but base our decree on different ground.

The decree is affirmed.